UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON SINGLETON,<br><br>                         *Plaintiff*,<br><br>                    -against-<br><br>THE PEOPLE OF THE STATE OF NEW YORK; BRONX COUNTY ASSISTANT DISTRICT ATTORNEY MEGAN LEO, ESQ.; ASSISTANT DISTRICT ATTORNEY ALLISON KLINE, ESQ.; THE SUPREME COURT OF NEW YORK BRONX COUNTY; JUSTICE SUPREME COURT, HONORABLE ETHAN GREENBERG, AJSC; NEW YORK DEFENDER SERVICE; JESSE HOBERMAN KELLY, ESQ.; THE CITY OF NEW YORK DEPARTMENT OF CORRECTIONS,<br><br>                         *Defendants*. | 1:20-CV-4686 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

Plaintiff, currently held in the Anna M. Kross Center on Rikers Island, brings this *pro se* action asserting that the defendants violated his federal and state constitutional rights, and injured him under state law. He sues: (1) the People of the State of New York, (2) Bronx County Assistant District Attorney Megan Leo, (3) Bronx County Assistant District Attorney Allison Kline, (4) the New York Supreme Court, Bronx County, (5) Jesse Hoberman Kelly – his criminal defense attorney, (6) the New York Defender Service – a legal services organization that appears to employ Kelly, and (7) the New York City Department of Correction. Plaintiff seeks damages and the criminal prosecution of the defendants. The Court construes Plaintiff's claims of violations of his federal constitutional rights as brought under 42 U.S.C. § 1983.

By order dated August 18, 2020, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis*.[1] For the reasons discussed below, the Court

dismisses this action.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-

matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

---

[1] Plaintiff filed his complaint while he was held in the Vernon C. Bain Center. Prisoners
are not exempt from paying the full filing fee, even when they have been granted permission to
proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff styles his complaint as a "criminal complaint," and asserts that the defendants have conspired to commit, and have committed, crimes against him in connection with a criminal action brought against him in the New York Supreme Court, Bronx County. He alleges that in carrying out these conspiracies and crimes against him, the defendants have violated his federal and state constitutional rights, and have injured him under state law. Plaintiff seeks damages and the criminal prosecution of the defendants.

## DISCUSSION

### A.    Private prosecution

The Court must dismiss Plaintiff's claims in which he seeks the criminal prosecution of the defendants. A private citizen cannot prosecute a criminal action in federal court. *See Leek v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). And because

federal prosecutors possess discretionary authority to bring criminal actions, they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses Plaintiff's claims in which he seeks the criminal prosecution of the defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     The People of the State of New York and the New York Supreme Court, Bronx County**

Plaintiff's claims under 42 U.S.C. § 1983 for damages against the People of the State of New York and the New York Supreme Court, Bronx County, are barred by the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

Congress has not abrogated the States' immunity for claims under § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

The Court understands the People of the State of New York to be the State of New York, which is immune from suit under the Eleventh Amendment. *See, e.g.*, *McCloud v. Jackson*, 4 F. App'x 7, 10 (2d Cir. 2001) (summary order); *Feliz v. Park*, No. 19-CV-11661, 2020 WL 527966, at *3 (S.D.N.Y. Feb. 3, 2020). And the New York Supreme Court, Bronx County, as an arm of

4

the State of New York, also enjoys Eleventh Amendment immunity from suit. *See Gollomp*, 568 F.3d at 368 ("[T]he New York State Unified Court System is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity."); *Burns v. Orange Cnty. Supreme Court*, No. 19-CV-2247, 2019 WL 1900344, at *2 (S.D.N.Y. Apr. 29, 2019) (a New York Supreme Court is immune from suit under the Eleventh Amendment). Accordingly, the Court dismisses Plaintiff's claims under § 1983 for damages against the People of the State of New York and the New York Supreme Court, Bronx County, under the doctrine of Eleventh Amendment immunity. *See* § 1915(e)(2)(B)(iii).

## C.    Justice Ethan Greenberg

The doctrine of judicial immunity bars Plaintiff's claims under § 1983 for damages against Justice Ethan Greenberg of the New York Supreme Court, Bronx County. Under this doctrine, judges are absolutely immune from suit for claims for damages against them in their individual capacities for any of their actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Generally, "acts arising out of, or related to, individual cases before [a] judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when a judge acts outside his or her judicial capacity, or when a judge takes action that, although judicial in nature, is taken "in the complete absence of all jurisdiction." *Mireles* 502 U.S. at 11-12; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff's claims against Justice Greenberg arise from Justice Greenberg's actions and decisions while presiding over Plaintiff's state-court criminal action. This conduct is well within the scope of Justice Greenberg's judicial duties. Justice Greenberg is therefore immune from suit as to Plaintiff's claims under § 1983 for damages against him under the doctrine of judicial immunity. Accordingly, the Court dismisses those claims under the doctrine of judicial immunity and as frivolous. *See* § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute].").

D.     **Assistant District Attorneys Megan Leo and Allison Kline**

The Court must also dismiss Plaintiff's claims under § 1983 for damages against Assistant District Attorneys Megan Leo and Allison Kline. Prosecutors are immune from civil suit for damages in their individual capacities for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)) (internal quotation marks omitted); *see Imbler* 424 U.S. at 431 ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it") (internal quotation marks and citation omitted). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Plaintiff's claims under § 1983 for damages against Leo and Kline arise from those defendants' criminal prosecution of Plaintiff. The Court therefore dismisses those claims under the doctrine of prosecutorial immunity and as frivolous. *See* § 1915(e)(2)(B)(i), (iii); *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (claims dismissed for prosecutorial immunity are frivolous under the *in forma pauperis* statute).

**E.     Jesse Hoberman Kelly and the New York Defender Service**

The Court further dismisses Plaintiff's remaining claims under § 1983 against Jesse Hoberman Kelly – Plaintiff's criminal defense attorney – and against the New York Defender Service – a legal services organization that appears to be Kelly's employer. A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." Private parties are therefore not generally liable under § 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties . . . .") (internal quotation marks and citation omitted).

Absent special circumstances suggesting concerted action between a private criminal defense attorney or a private legal services organization and a state representative, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970), the actions of such an attorney or organization do not constitute the degree of state involvement sufficient to state a claim against that attorney or organization under § 1983, *Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (a legal aid society is not a state actor for the purpose of § 1983 liability); *White v. Dortch*, No. 17-CV-7266, 2017 WL 8780774, at *5 (S.D.N.Y. Nov. 28, 2017) ("Absent special circumstances suggesting concerted action between an attorney and a state representative, the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state

involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender.") (citations omitted).

Kelly is a private attorney and the New York Defender Service is a private organization. And Plaintiff has failed to allege any facts suggesting that either Kelly or the New York Defender Service has acted as a state actor. The Court therefore dismisses Plaintiff's remaining claims under § 1983 against those defendants for failure to state a claim on which relief may be granted.[2] *See* § 1915(e)(2)(B)(ii).

## F.    The New York City Department of Correction

The Court must dismiss Plaintiff's remaining claims against the New York City Department of Correction ("DOC") because an agency of the City of New York, such as the DOC, is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions as proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (the New York City Police Department is not a suable entity); *see Johnson v. Dobry*, 660 F. App'x 69, 72 (2d Cir. 2016) (summary order) (the DOC is not a suable entity (citing *Jenkins*, 478 F.3d at 93 n.19))); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses

---

[2] Plaintiff alleges that the defendants conspired to violate his rights by "refusing to provide [his] Grand Jury transcripts with a 'protective order' [issued] by" Justice Greenberg. (ECF 1, at 14.) Because these allegations are vague and without supporting facts, they fail to state a claim of conspiracy under either § 1983 or 42 U.S.C. § 1983(5). *See* § 1915(e)(2)(B)(ii); *Wang v. Miller*, 356 F. App' x 516, 517 (2d Cir. 2009) (summary order); *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003); *Ciambrello*, 292 F.3d at 324-25; *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997); *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990).

Plaintiff's remaining claims against the DOC for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

The Court understands Plaintiff's claims against the DOC as brought against the City of New York. When a plaintiff sues the City of New York under § 1983, it is not enough for the plaintiff to allege that one of the City of New York's employees or agents engaged in some wrongdoing. The plaintiff must show that the City of New York itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim against the City of New York under § 1983, the plaintiff must allege facts showing (1) the existence of a City of New York policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff has alleged no facts showing that a policy, custom, or practice of the City of New York caused a violation of his federal constitutional rights. The Court therefore also dismisses any claims Plaintiff raises under § 1983 against the City of New York for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

## G.   Claims under state law

A district court may decline to exercise supplemental jurisdiction over claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its

early stages and only state-law claims remain, the federal court should decline the exercise of

jurisdiction . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted).

Having dismissed the claims under federal law over which the Court has original jurisdiction, the

Court declines to exercise its supplemental jurisdiction over any claims under state law that

Plaintiff is asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir.

2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction

by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City

of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**H.     The Court will not grant Plaintiff leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to

cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note

service on the docket.

The Court dismisses this action.

The Court dismisses Plaintiff's claims under federal law as frivolous, for failure to state a

claim on which relief may be granted, and for seeking monetary relief from defendants that are

immune from such relief. 28 U.S.C. § 1915(e)(B)(i), (ii), (iii).

The Court declines to consider, under its supplemental jurisdiction, Plaintiff's claims

under state law. 28 U.S.C. § 1367(c)(3).

SO ORDERED.

Dated:   August 20, 2020
         New York, New York

_____
Louis L. Stanton
U.S.D.J.