UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON SINGLETON,

                Plaintiff,

-against-

THE PEOPLE OF THE STATE OF NEW YORK, et al.,

                Defendants.

1:20-CV-4686 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

By order and judgment dated August 20, 2020, and entered the next day, the Court dismissed this *pro se* action. (ECF 6 & 7.) Since then, the Court has received from Plaintiff: (1) a document that he refers to as "evidence" (ECF 9); (2) a motion in which he asks the Court to grant him leave to file an amended complaint (ECF 10); (3) a declaration in support of that motion (ECF 11); (4) a notice of appeal (ECF 12); and (5) another motion in which he asks the Court to grant him leave to file an amended complaint (ECF 13). The Court construes all of these postjudgment submissions, with the exception of the notice of appeal, as motions to alter or amend the August 20, 2020 judgment under Rule 59(e) of the Federal Rules of Civil Procedure, and for reconsideration of the Court's dismissal of this action under Local Civil Rule 6.3. For the reasons discussed below, the Court denies these motions.

## DISCUSSION

**A.**    **Jurisdiction**

Because Plaintiff has filed a notice of appeal, the Court must first address whether it has jurisdiction to rule on Plaintiff's Rule 59(e) motions. Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Under the Federal Rules of Appellate Procedure, however, if a party (1) files a timely Rule 59(e) motion, *see* Fed. R. App. P. 4(a)(4)(A)(iv), and (2) files a notice of appeal before the district court disposes of the Rule 59(e) motion, then the notice of appeal does not become "effective" until after the district court rules on the motion, *see* Fed. R. App. P. 4(a)(4)(B)(i). A Rule 59(e) motion must be filed in a district court within 28 days of the entry date of the judgment it challenges. Fed. R. Civ. P. 59(e).

On August 21, 2020, the Clerk of Court entered the judgment dismissing this action. (ECF 7.) Thus, the last day to file a timely Rule 59(e) motion to challenge the dismissal of this action fell on September 18, 2020.

On September 8, 2020, the Court received Plaintiff's "evidence" submission. (ECF 9.) One day later, the Court received Plaintiff's first motion for leave to file an amended complaint and his declaration in support of that motion. (ECF 10 & 11.) And on September 18, 2020, the Court received Plaintiff's second motion for leave to file an amended complaint. (ECF 13.) Thus, all of these submissions, which the Court has construed as Rule 59(e) motions, were received by the Court by the last day of the 28-day period in which to challenge the dismissal of this action under Rule 59(e). These motions are therefore timely. Accordingly, the Court has jurisdiction to consider them, though the Court received Plaintiff's notice of appeal on September 10, 2020. (ECF 12); *see* Fed. R. App. P. 4(a)(4)(B)(i); *Pena v. Downstate Corr. Facility Med. Dep't*, No. 1:19-CV-7336, 2019 WL 6619353, at *1 (S.D.N.Y. Dec. 4, 2019) ("Because the [Rule 59(e)] motion is timely filed and was not disposed of when Plaintiff subsequently filed his notice of appeal, under Rule 4 of the Federal Rules of Appellate Procedure, this Court has jurisdiction to rule on the motion."); *Azkour v. Little Rest Twelve*, No. 10-CV-4132, 2015 WL 1413620, at *1 (S.D.N.Y. Mar. 23, 2015) ("Although a notice of appeal usually divests the district court of

jurisdiction, where a party timely files a motion under Rule 59, the district court retains jurisdiction to entertain the motion, even where the notice of appeal was filed prior to the Rule 59 motion."); *see also Hertzner v. Henderson*, 292 F.3d 302, 303 (2d Cir. 2002) ("[T]he suspension of the effectiveness of the notice of appeal precluded [the Court of Appeals's] jurisdiction to adjudicate the merits of the appeal.").

**B.      Relief under Rule 59(e) and Local Civil Rule 6.3**

The standards governing a motion to alter or amend a judgment under Rule 59(e) and a motion for reconsideration under Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked controlling decisions or factual matters that had been previously put before it. *Id.* at 509; *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 210 (S.D.N.Y. 2009) ("[A] motion for reconsideration is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which [a] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.") (internal quotation marks and citation omitted).

Plaintiff has failed to show that the Court overlooked controlling decisions or factual matters that would cause the Court to vacate its August 20, 2020 order and judgment. The Court therefore denies Plaintiff relief under Rule 59(e) and Local Civil Rule 6.3.

Case 1:20-cv-04686-LLS   Document 14   Filed 10/14/20   Page 4 of 4

**CONCLUSION**

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The Court construes Plaintiff's submissions that have been designated as ECF 9, 10, 11, and 13 to be motions to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure, and for reconsideration under Local Civil Rule 6.3. The Court denies these motions.[1] The Court therefore also directs the Clerk of Court to terminate ECF 10 and 13.

The Court further directs the Clerk of Court to accept no further submissions from Plaintiff under this docket number, except for papers directed to the United States Court of Appeals for the Second Circuit.

SO ORDERED.

Dated:   October 14, 2020
         New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

---

[1] If Plaintiff wishes to assert civil rights claims arising from his present confinement, or if he seeks *habeas corpus* relief from his present confinement, he must assert those claims for relief in a separate civil action. This is because this action is closed; the Court has dismissed this action, denied Plaintiff's postjudgment motions, and Plaintiff's appeal is now pending in the United States Court of Appeals for the Second Circuit.